## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

David Sofer and D&BS Investors Group LLC

Plaintiff

vs.

Yechiel "Sam" Sprei; Edward Harold King; Frank
Seddio, Anhui Edgewater St. Realty LLC; Ideal
Paradise LLC; Chun Peter Dong; John Does 1-10
and ABC Companies 1-10;

Defendants

Docket No.

**COMPLAINT AND JURY DEMAND**

.

---------------------------------------------------------------- x

Plaintiffs, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows::

## JURISDICTION AND VENUE

1.  This is an action for damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968 and New York state law related to a scheme by the Defendants to steal deposit funds advanced for the purchase of real property.

2.  This Court has jurisdiction over this action pursuant to 18 U.S.C. § 1964(c), as this case arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. The alleged enterprise and racketeering

activities, as described in this Complaint, have affected interstate commerce. Accordingly, federal question jurisdiction is proper under 28 U.S.C. § 1331.

3.  This Court also has jurisdiction over related state law claims pursuant to 28. U.S.C. § 1367.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this district. Furthermore, venue is proper pursuant to 18 U.S.C. §1965 as defendants conduct their affairs in this district.

## BACKGROUND

1.  Plaintiff David Sofer is an individual who invested in D&BS Investors Group LLC with Defendant Sprei.  Sofer is the Managing Member of D&BS.

2.  Plaintiff, D&BS Investors Group LLC and David Sofer, is a New York Limited Liability Company with an address at 14 Pheasant Run Highland Mills, NY 10930.

3.  Defendant Yechiel Sam Sprei is an individual with an address at 1362 54th St., Brooklyn, New York ("Sprei").  Sprei fraudulently induced Plaintiff Sofer to invest with him in Plaintiff D&BS in order to steal his deposit funds that were to be wired to Defendant King.

4.  Defendant Edward Harold King ("King") was an attorney who held funds in escrow on behalf of D&BS in regard to a failed real estate transaction and has an address at 338 Atlantic Avenue, Suite 204 Brooklyn, New York 11201 and the Kings County Supreme Court, Criminal Term, 320 Jay Street, Part 17, Brooklyn,

NY 11201.   He has refused to return said funds to D&BS.

5. Defendant Frank Seddio ("Seddio") is an attorney with an address at 9306 Flatlands Avenue, Brooklyn, NY 11236-3706.  Upon information and belief, King wrongly transferred the deposit funds to Seddio, who is also refusing to return them.

6. Defendant Anhui Edgewater St. Realty LLC ("Anhui") is an entity that entered into a contract for the sale of real estate at 190 and 191 Edgewater Street, Staten Island, New York (the "Property") with D&BS.  Upon information and belief, Anhui has an address at 146 Stewart Ave, Brooklyn, NY, 11237.

7. Defendant Ideal Paradise LLC ("Ideal") is the entity that allegedly took title to the Property from Anhui prior to the contract with Plaintiffs, but upon information and belief Ideal is a sham entity to facilitate frauds by the Defendants.  Upon information and belief, Anhui has an address at 146 Stewart Ave, Brooklyn, NY, 11237.

8. Defendant Chun Peter Dong ("Dong") is upon information and belief, the sole member of Anhui and Ideal and a participant in the frauds of Sprei.  Upon information and belief, Dong resides at 0525 Honey Brook Cir, Johns Creek, GA 30097.

9. The John Does and ABC Companies are named as defendants to reflect unknown individuals and entities who assisted in the corrupt schemes alleged herein.

10. On or about November 23, 2022, Plaintiff entered into an agreement to purchase real property located at 190 and 191 Edgewater Street, Staten Island, New York (the "Property").

11. The purchase was to be made through D&BS, which was to be jointly owned by Plaintiff David Sofer and Sprei, for a total contract price of $12,500,000.

12. In accordance with the agreement, Mr. Sofer wired a deposit of $625,000 to the escrow agent, King, who was acting on behalf of the purported seller, Anhui. Sprei was also supposed to wire $625,000 to King, but upon information and belief, never did so.

13. Over the next several months, the parties attempted to move forward with the transaction, with D&BS hiring an attorney selected by Sprei to handle the transaction (despite Mr. Sofer being the managing member of the LLC).

14. During this time, the Plaintiffs discovered that Anhui did not own the Property as it had been deeded to Defendant Ideal.

15. Mr. Sofer agreed to several extensions of the due diligence period to complete due diligence and it was during this period that he discovered the title issues.

16. In reality, Sprei and the other Defendants were engaged in a conspiracy to steal his deposit funds.

17. Despite numerous demands that the funds be returned by King to the account of D&BS, he refused to do so.

18. Sprei lied and indicated that he had authority to hold up the cancellation of the contract, which itself was a scam, and that there was a dispute as to the disposition of the funds, which had come entirely from Mr. Sofer.

19. King informed the Grievance Committee of the Second Department that he had wired the funds to Sprei. In that statement to the grievance committee, he falsely claimed that Mr. Sofer and Sprei had an ongoing rabbinical court proceeding,

which was false.

20. Sprei has claimed the funds remained in escrow.

21. Subsequently, in April, 2025, Defendant Seddio emailed Plaintiffs' counsel claiming that King had sent him the funds, and that he would commence an action to determine the disposition of the funds.

22. After a few emails and unreturned phone calls, Seddio disappeared and failed to commence said action. He also refused to transfer the funds, despite having absolutely no legal entitlement to hold said funds in his escrow account.

23. Subsequent investigation by Plaintiffs have revealed that Sprei has engaged in numerous frauds of the sort alleged here, and he is often assisted in same by King and Seddio.

24. In fact, the identical scam regarding the Property was also directed at another party that was the subject of litigation in Richmond County Supreme Court under Edgewater Property Equity LLC v. Anhui Edgewater et al, Index #151734/2021 (the "Edgewater Action"), where King was the escrow agent, Sprei conned another investor to enter into a contract with Anhui for the Property and that King returned the deposit to Sprei instead of the LLC.

25. .In a second version of the scam, a company called Jest Holdings was to be sold the Property by Anhui after it no longer held title, pursuant to a contract dated August 9, 2021.

26. Jest Holdings filed litigation that is pending in Queens County as Jest Holdings LLC v. Anhui Edgewater St. Realty LLC and Edward Harold King, Index No. 727110/2024 (the "Jest Action").

27. King was the attorney for Anhui in that action and was aware of the fact that it did not own the Property, as he was aware of the existence of claims of Ideal in the Edgewater Action, where they had already been presented.

28. In fact,  on October 4, 2022, King would also file an affidavit in the Edgewater Action wherein he states, under oath, that, "Ideal is an aggrieved party in that it owns the property located at 190 and 191 Edgewater Street, State (sic) Island, New York."

29. As detailed in the Jest Action, Jest entered into several due diligence extensions with Anhui in order to resolve the title issues, but upon expiration of those due diligence periods, the contract was cancelled and King again refused to return the deposit.

30. Anhui, which is owned in part by Defendant Dong, is a crucial party to these scams.

31. Upon information and belief, the transfer to Ideal was a sham and meant to enable the scams to steal the deposits of investors, (of which three are currently known).

32. Anhui has defaulted in the Jest Action and judgment by default is pending therein.

33. King, Sprei and Seddio are all integrally involved in the fraudulent schemes, even though King has now been elected a judge of the NYC Civil Court, and Seddio purports to act as his counsel in these litigations.

34. Notwithstanding, at that time, and seemingly at present, Mr. Seddio was (and remains) embroiled in two antagonistic litigations against the principals of his purported client (i.e., Anhui) in this case, to wit, Mr. Seddio is representing the Plaintiff in an action styled Chaim Miller a/k/a Harry Miller v. Xi Hui Wu a/k/a

Steven Wu, Chun Peter Dong, and Silverman Shin & Schneider PLLC, Index. No. 535794/2023, Supreme Court of the State of New York, Kings County ("Miller Action I"), and in another action styled, Chaim Miller a/k/a Harry Miller v. Xi Hui Wu a/k/a Steven Wu, Chun Peter Dong, and Silverman Shin & Schneider PLLC, Index. No. 513242/2024, Supreme Court of the State of New York, Kings County ("Miller Action II" and with "Miller Action I" collectively, the "Miller Actions").

35. Dong has a long history of dealings with Sprei and while he has engaged in numerous litigations with Sprei, it appears that he is also working with him to assist in various scams.

36. The defendants and others are engaged in enterprise corruption and in violations of Federal RICO, along with various common law breaches.

.

## AS AND FOR A FIRST CAUSE OF ACTION: FRAUD

37.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

38. Plaintiff and Defendant Anhui entered into a contract of sale that was predicated on a false premise, that Anhui held title to the Property.

39. In reliance on this false assertion, Mr. Sofer and D&BS entered into a contract with Anhui that it could not fulfill.  Dong was aware of the falsity when he engaged in the negotiation of the contract through King.

40. Similarly, Mr. Sprei and Mr. King were participants in the scam and were well aware of the fact that the Property did not belong to Anhui and were simply

seeking to convince Mr. Sofer to wire his deposit so that they could get their hands on it.

41. Mr. Sofer reasonably relied on the various falsehoods and entered into an agreement with Sprei and with Anhui to forward the deposit to King.

42. Mr. Sofer and D&BS were both damaged by the acts of the Defendants.

43. The Defendants' conduct constituted intentional, wanton or malicious conduct sufficient to warrant punitive damages.

<u>**SECOND CAUSE OF ACTION:**</u>

<u>**CONVERSION**</u>

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

45. The Defendants have engaged in a scam to steal Mr. Sofer's funds, and have successfully done so.

46. King engaged in conversion when he wrongly refused to return the funds to the Plaintiffs.

47. Upon information and belief, King then sent the funds to Sprei, who is currently in possession of them without any lawful right to the funds.

48. Seddio has claimed that he is in possession of the funds, but has not asserted any lawful right to hold such funds.

49. The Defendants' conduct constituted intentional, wanton or malicious conduct sufficient to warrant punitive damages.

## THIRD CAUSE OF ACTION

## BREACH OF CONTRACT

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

51. Sprei has violated the operating agreement of D&BS by refusing to allow the Plaintiffs to recover the deposit funds, and wrongly asserting that he is the managing member of the LLC.

52. These acts constitute a breach of the parties' contract.

53. Plaintiffs have been damaged by the breach.

## FOURTH CAUSE OF ACTION

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

55. Sprei and Anhui have engaged in bad faith conduct and both wrongly entered into agreements without any intention of abiding by them.

56. The Defendants' conduct constituted intentional, wanton or malicious conduct sufficient to warrant punitive damages.

57. Plaintiffs are entitled to damages due to these breaches.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO"), 18 U.S.C. §§ 1961 et seq.

58. Plaintiff realleges and incorporates by reference all allegations set forth in all preceding paragraphs as if fully stated herein.

59. This cause of action is brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. Defendants, individually and collectively, have engaged in a pattern of racketeering activity as defined by 18 U.S.C. § 1961(1) and (5), and have conducted and participated, directly and indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). Plaintiff also asserts claims under 18 U.S.C. § 1962(d), which prohibits conspiring to violate any of the substantive provisions of 18 U.S.C. § 1962.

**60. The Racketeering Enterprise**

61. Plaintiff alleges that Defendants, together with others currently unknown, formed an association-in-fact enterprise (the "Enterprise"), within the meaning of 18 U.S.C. § 1961(4). The Enterprise is an ongoing organization, formal or informal, with a common purpose and continuous existence, comprised of Anhui, King, Sprei, Seddio, Dong, and others, acting in concert and through coordinated efforts to defraud Plaintiff and other investors.

**62.  Structure and Operation of the Enterprise**

63. Defendants and their associates, as members of the Enterprise, functioned as a continuing unit with the common purpose of misappropriating investor deposits,

- 10 -

effectuating sham transfers of property, and orchestrating fraudulent schemes for their mutual benefit. The Enterprise operated through the use of false representations, fraudulent contracts, and manipulation of legal proceedings to conceal and perpetuate their illegal conduct. The acts and omissions of each Defendant were essential to the success of the Enterprise, and each participated in the operation and management of the Enterprise's affairs.

**64.  Pattern of Racketeering Activity**

65. Defendants engaged in a pattern of racketeering activity as defined in 18 U.S.C. § 1961(5), consisting of two or more acts of racketeering activity, including but not limited to:

66. Mail fraud, in violation of 18 U.S.C. § 1341, by sending fraudulent contracts, correspondence, and documentation through the United States mail for the purpose of executing their schemes.

67. Wire fraud, in violation of 18 U.S.C. § 1343, by transmitting fraudulent solicitation, communications, instructions, and documentation by telephone, email, and other electronic means across state lines.

68. Money laundering, in violation of 18 U.S.C. §§ 1956 and 1957, by engaging in financial transactions intended to conceal the nature, source, ownership, and control of the proceeds obtained by the Enterprise's unlawful activities.

69. Obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1512, and 1519, by making false statements and submitting fraudulent affidavits in litigation, including but not limited to the Edgewater Action and Jest Action, and by seeking to frustrate the return of deposits and recovery of losses by Plaintiff and others.

70. The racketeering acts described above occurred repeatedly over a period of years and constitute a pattern of racketeering activity as defined by RICO.

**71. Plaintiff's Injury**

72. As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1962(c) and (d), Plaintiff has sustained substantial injury to its business and property, including but not limited to the loss of contract deposits, costs of litigation, deprivation of expected contractual rights, and other pecuniary losses. Plaintiff's injuries flow directly from Defendants' racketeering conduct.

**73. Continuity and Relationship of Predicate Acts**

74. The unlawful activities described herein are related in that they all served the common purpose of enriching Defendants through fraud and misappropriation of funds, and these activities amount to or pose a threat of continued criminal conduct by the Enterprise. The predicate acts are not isolated events, but rather constitute a continuing pattern that threatens continued harm to Plaintiff and to other investors.

**75.  Conspiracy**

76. In violation of 18 U.S.C. § 1962(d), Defendants knowingly conspired with each other and with others unknown to Plaintiff to facilitate the operation and management of the Enterprise through a pattern of racketeering activity, as outlined above. Each Defendant agreed to participate in the Enterprise and performed overt acts in furtherance of the conspiracy.

## SIXTH CAUSE OF ACTION: ENTERPRISE CORRUPTION (N.Y. PENAL LAW § 460.20)

77. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

78. Defendants, acting in concert and as part of an enterprise, knowingly engaged in a pattern of criminal activity as defined under N.Y. Penal Law § 460.20, including but not limited to acts of fraud, money laundering, obstruction of justice, and misappropriation of funds. The Defendants participated in and managed the affairs of the criminal enterprise, the purpose of which was to illegally enrich themselves at the expense of Plaintiff and other investors.

79. Defendants' conduct constitutes enterprise corruption under New York law, and as a result, Plaintiff has suffered substantial injury, including loss of property, deprivation of contractual rights, and other pecuniary losses.

80. Plaintiff is entitled to all remedies available under New York law for enterprise corruption, including but not limited to treble damages, costs of suit, and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION: UNJUST ENRICHMENT

81. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

82. As a result of the wrongful acts described above, Defendants have been unjustly enriched at the expense of Plaintiff. Defendants received and retained benefits, including contract deposits and other funds, to which they were not legally entitled. It would be against equity and good conscience to permit Defendants to

retain these funds. Plaintiff therefore seeks restitution of all amounts by which Defendants have been unjustly enriched, along with interest, costs, and such other relief as the Court may deem just and proper.

## EIGHTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY (AGAINST DEFENDANT KING)

83. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

84. At all relevant times, Defendant King was entrusted with deposit funds and stood in a position of trust and confidence with respect to Plaintiff. By virtue of his role and the responsibilities undertaken, King owed Plaintiff a fiduciary duty to safeguard, properly account for, and act in the best interests of Plaintiff concerning the deposit funds.

85. Defendant King breached his fiduciary duty by mismanaging, misappropriating, and/or failing to properly account for the deposit funds entrusted to him by Plaintiff. King's actions were self-interested, undertaken in bad faith, and contrary to the duties of loyalty, care, and good faith owed to Plaintiff. As a direct and proximate result of King's breach of fiduciary duty, Plaintiff has suffered substantial harm, including, but not limited to, loss of deposit funds, deprivation of contractual rights, and other pecuniary damages.

86. Plaintiff is entitled to recover all damages proximately caused by King's breach of fiduciary duty, including but not limited to restitution of the deposit funds, consequential and incidental damages, interest, attorneys' fees, and such other relief as the Court deems just and proper.

**WHEREFORE**, plaintiff prays judgment as follows:

1.    On Counts 1-4 of this Complaint, Plaintiff demands judgment against Defendants for statutory, actual, compensatory, consequential, incidental and punitive damages in an amount to be determined at trial, but not less than $5,000,000;

2.    On the 5th Count, Plaintiff demands judgment against Defendants, jointly and severally, for three times the damages sustained, as provided by 18 U.S.C. § 1964(c), plus costs of suit, including reasonable attorneys' fees, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

3.    On the Sixth Cause of Action: For such damages, equitable relief, interest, costs, attorneys' fees, as are permitted by applicable law.

4.    On the Seventh Cause of Action (Unjust Enrichment): For restitution of all amounts by which Defendants have been unjustly enriched at Plaintiff's expense, including contract deposits and other funds, together with interest, costs, attorneys' fees, and such other relief as the Court may deem just and proper.

5.    On the Eighth Cause of Action, for all damages proximately caused by Defendant King's breach of fiduciary duty, including but not limited to restitution of deposit funds, consequential and incidental damages, interest, attorneys' fees, and such other and further relief as the Court deems just and proper.

6.    For All Causes of Action: An award of the costs and disbursements of this action, including attorneys' fees and pre-judgment and post-judgment interest, and such other and further relief as the Court may deem just and proper.

Dated:  August 25, 2025                    The Law Office of Avram E. Frisch LLC
New York, New York                         Attorneys for Plaintiff
                                           1 University Plaza, Suite 119
                                           Hackensack, NJ 07601
                                           (201) 289-5352


                                    By:    _____
                                           Avram E. Frisch, Esq.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure (or the equivalent applicable rule of the relevant jurisdiction), Plaintiff hereby demands a trial by jury on all issues so triable in the above-captioned matter.

Dated:

Dated:  August 25, 2025
New York, New York

The Law Office of Avram E. Frisch LLC
Attorneys for Plaintiff
1 University Plaza, Suite 119
Hackensack, NJ 07601
(201) 289-5352


By: _____
          Avram E. Frisch, Esq.