

January 22, 2026

Nelson S Román
United States District Courthouse
300 Quarropas Street
White Plains, NY 10601

<u>**Via Electronic Filing**</u>

  Re: Sofer v. Sprei et al 7:25-cv-07024

Dear Judge Román:

  This firm represents Plaintiffs, D&BS Investors Group LLC and David Sofer. I write in response to the request for a premotion conference in contemplation of a motion to dismiss by Defendants Sprei, Anhui and Seddio (the "Defendants").

  The complaint is in regard to the theft by the Defendants of a purported contract deposit (along with the other co-defendants and certain co-conspirators who are yet to be identified). The complaint sets forth the fact that this scam was part of a series of similar scams related to the property that was the subject of the Sales Contract and other properties. After filing the complaint, we have been contacted by numerous other victims of the corrupt criminal enterprise.

  The Defendants seek to dismiss the various causes of action, claiming they fail to meet the relevant pleading standard. Defendants argue that Plaintiffs have failed to meet F.R.C.P 9(b)'s standard for pleading a cause of action for fraud. F.R.C.P. 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Under New York law, the five elements of fraud are '(1) a material misrepresentation or omission of fact (2) made by [a] defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff.'" *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 259 (2d Cir. 2021) (citation omitted). Here, despite Defendants' contention, Plaintiffs have satisfied the elements of a cause of action for fraud as well as the heightened pleading requirement of Rule 9(b). Specifically, the Complaint alleges that Plaintiff and Defendant Anhui Edgewater Street Realty, LLC ("Anhui") entered into a contract of sale that was predicated on the false premise that Anhui held title to the Property. Complaint ¶ 38. In reliance on this false assertion, Plaintiff and D&BS entered into a contract with Anhui that it could not fulfill. *Id.* ¶ 39. Dong was aware of the falsity when he engaged in the negotiation of the contract through King. *Id.* Similarly, Sprei and King were participants in the scam and were well aware of the fact that the Property did

 

Nelson S Román

not belong to Anhui and were simply seeking to convince Plaintiff to wire his deposit so that they could get their hands on it. *Id.* ¶ 40. Plaintiff reasonably relied on the various falsehoods and entered into an agreement with Sprei and with Anhui to forward the deposit to King. *Id.* ¶ 41. Sprei also assured the Plaintiff that he would wire his share of the deposit, which he never did. *Id.* ¶ 12. Plaintiff and D&BS were both damaged by the acts of the Defendants in the amount of the $625,000 deposit. While Defendants also argue that Plaintiffs "lump" all of the Defendants together, this is simply not the case, as demonstrated by the specific allegations against specific defendants, noted above.

The Plaintiffs can also supplement the pleadings in an amended complaint, and would do so with even more specific details.

With respect to Defendants' breach of contract claim, as an initial matter, Defendants do not contest that Defendant Seddio is not a party to either contract, and agree to withdraw the breach of contract claim as against Seddio only. However, Defendants' argument regarding Sprei is incorrect. There were two contracts, and Sprei was a party to the Operating Agreement of D&BS, and violated that agreement by refusing to allow Plaintiffs to recover the funds they deposited. This is also the case in regard to the allegations of a breach of the duty of good faith and fair dealing. To the extent that the Court finds the Complaint unclear as to the number of contracts and who the parties to each contract were, Plaintiffs can file an amended complaint.

In regard to the RICO claims, the Defendants admit that Defendant Dong is alleged to be out of state and involved in the sales scam in his ownership of Anhui. That alone is enough to establish that the RICO claims involve interstate conduct. There is no requirement that the impact on interstate commerce be large. Rather even a minimal impact on interstate commerce is sufficient. *See First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 173 (2d Cir. 2004) ("In this Circuit, however, RICO plaintiffs may satisfy this element by showing only "a minimal effect on interstate commerce."). Further, the enterprise is a widespread one and it has victims in many locations, not all of which are in New York. Plaintiffs can amend the complaint to reflect numerous victims who have contacted the undersigned since the complaint was filed. The communications in this case were electronic and constitute wire fraud and involve banking transactions that affect interstate commerce as well.

Plaintiffs admit that there is no private right of action under New York Penal Law §460.20 and will withdraw said count. As to the unjust enrichment count, the Plaintiffs are alleging that the Defendants stole $625,000 and believe that the funds were divided amount the co-conspirators. At this stage of the proceedings, where the Defendants claim that they are entitled to dismissal for various reasons unrelated to the fact that they conspired to steal $625,000 from the Plaintiffs, pleading unjust enrichment in the alternative is appropriate.

Very truly yours,

Avram E. Frisch

Cc: D&BS Investors Group LLC and David Sofer

