USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/27/2026___

January 14, 2026

**Via ECF**
Honorable Nelson S. Román
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   Re: *Sofer and DB&S Investors Group LLC v. Sprei, et al.*,
     Dkt. No. 7:25-cv-07024-NSR

Dear Judge Román:

  This firm represents Defendants Yechiel "Sam" Sprei ("Sprei"), Frank Seddio ("Seddio"), and Anhui Edgewater St. Realty LLC ("Anhui") (collectively, "Defendants") in the above-captioned action. Pursuant to Individual Rule 3(a)(ii), Defendants respectfully request a pre-motion conference in connection with an anticipated motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

  At its core, this action concerns $625,000 that Plaintiffs allege they paid as a deposit to Defendant King in connection with a contract to purchase real property located in New York ("Sales Contract"). Despite the narrow factual predicate, Plaintiffs assert a sweeping array of claims against Defendants that are either legally deficient, inadequately pleaded, or both.

  Plaintiffs assert a claim for common-law fraud but fall far short of meeting the heightened Rule 9(b) standard for establishing such a claim. The Complaint does not identify any specific misrepresentation or omission attributable to each Defendant, nor does it plead facts giving rise to a strong inference of fraudulent intent. Instead, Plaintiffs rely on vague, conclusory, and internally inconsistent allegations that improperly lump Defendants together. Courts in this District have repeatedly rejected such pleading tactics, holding that "'a complaint may not simply clump defendants together in vague allegations.'" *Hunt v. Enzo*, 471 F. Supp.2d 390, 400 (S.D.N.Y. 2006) (citation omitted). For these reasons, Plaintiffs' cause of action for fraud must be dismissed.

MEMO ENDORSED

see pg. 3

Plaintiffs also assert a breach of contract claim that plainly fails as to Defendants Sprei and Seddio. The Sales Contract was entered into solely between Plaintiff DB&S Investors Group LLC and Defendant Anhui. Defendant Sprei did not execute the Sales Contract in his individual capacity, nor is he alleged to have assumed any personal contractual obligations. Furthermore, Defendant Seddio had absolutely no involvement in the transaction underlying the Sales Contract. The breach of contract cause of action against Defendants Sprei and Seddio must therefore also be dismissed.

Plaintiffs additionally bring forth a cause of action for breach of duty of good faith and fair dealing against Defendants. Although the Complaint alleges that Defendants "Sprei and Anhui have engaged in bad faith conduct and both wrongly entered into agreements," Plaintiffs fail to describe any agreement other than the Sales Contract, to which Defendants Sprei and Seddio were not individual parties. Compl. ¶ 55. Moreover, this claim must also be dismissed as to Defendant Anhui, because it is duplicative of Plaintiffs' breach of contract claim, involves the same facts, and seeks an identical remedy. Therefore, this claim must also be dismissed as to all Defendants.

Plaintiffs expend most length in bringing forth claims for violations of 18 U.S.C. §§ 1962(c) and (d) ("RICO Claims"), but offer legal conclusions cloaked as allegations in support, and that are untethered to well-pleaded facts. First and foremost, Plaintiffs do not plausibly alleged that the conduct at issue involved interstate or foreign commerce, as required by § 1962(c). The real property underlying the Sales Contract is located in New York, and the relevant parties involved in the transaction are located and/or reside in New York. The only mention of any location outside New York is that Defendant Peter Dong is located in Georgia. However, Plaintiffs do not make any particular statements that Defendant Dong was involved in the Sales Contract or ever communicated with Plaintiffs.

Plaintiffs also fail to plead the elements of a RICO enterprise, predicate acts, or a pattern of racketeering activity with the requisite particularity. Crucially, Plaintiffs lump Defendants together as to predicate acts and fail to specify which two predicate acts pertain to each Defendant. The Complaint alleges that Defendants engaged in mail and wire fraud but fails to identify the specific role each Defendant allegedly played in such fraud, the content of the fraudulent mail or wire, the time and place of each, the Defendant(s) involved in each fraudulent mail or wire, and what Defendants obtained as a consequence. Plaintiffs also allege that Defendants engaged in money laundering, but only offer one conclusory allegation parroting the definition of money laundering. That single sentence is insufficient to plead the three requisite elements of a money laundering claim. Plaintiffs also allege obstruction of justice as a predicate act but fail as a matter of law to adequately plead such claim. Plaintiffs only cite to state court matters; however, the statute only considers federal court matters. Therefore, obstruction of justice cannot be one of the two required predicate acts. Plaintiffs' allegations in support of the other elements are similarly insufficient and therefore, this claim must be dismissed as to Defendants.

Plaintiffs allege an enterprise corruption claim, pursuant to NY Penal Law § 460.20, against Defendants. However, that statute does not provide a private right of action and may only be enforced by prosecutorial authorities. Accordingly, this cause of action must be dismissed as a matter of law.

Finally, Plaintiffs bring forth a cause of action for unjust enrichment against Defendants as a catch-all for their insufficient Complaint. Unjust enrichment is only available when there is no other adequate remedy at law, which is not the case in this matter.

For these reasons, Defendants respectfully request a pre-motion conference in advance of filing a motion to dismiss. We are, of course, available at the Court's convenience and will promptly coordinate with opposing counsel to identify mutually agreeable dates.

Sincerely,

Yeshaya Gorkin, Esq.

CC: All Counsel of Record via EFC

---

The Court waives the pre-motion conference requirement and grants Defendants leave to proceed with a motion to dismiss Plaintiffs' Complaint in accordance with the following briefing schedule:

- Defendants' motion papers shall be served (not filed) on March 5, 2026;
- Plaintiffs' opposition papers shall be served (not filed) on April 3, 2026; and
- Defendants' reply papers shall be served on April 20, 2026.

The parties are directed to file all motion documents on the reply date, April 20, 2026.

The parties are further directed to mail two physical copies and email one electronic copy to Chambers of all motion documents at the time they are served. The Clerk of Court is directed to terminate the motion at ECF No. 23.

Dated: January 27, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge