

February 10, 2026

**Via ECF and e-mail**
Honorable Nelson S. Román
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

        Re:    *Sofer and DB&S Investors Group LLC v. Sprei, et al.*,
               No. 7:25-cv-07024-NSR

Judge Román:

      On January 27, 2026, this Court granted Defendants Yechiel "Sam" Sprei ("Sprei"), Frank Seddio ("Seddio"), and Anhui Edgewater St. Realty LLC ("Anhui") (collectively, "Defendants") leave to proceed with a motion to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6). Dkt. 27. Defendants respectfully make two (2) requests: (i) that the motion to dismiss be amended to be one pursuant to Rules 9(b), 12(b)(1), and 12(b)(6); and (ii) that the page limit for the memorandum of law in support be extended to 50 pages.

      Upon further research and review, Defendants' pre-motion conference letter should have indicated that the motion to dismiss would be pursuant to Rules 9(b), 12(b)(1), and 12(b)(6). The letter did reference Rule 9(b) in the third (3rd) paragraph, stating: "Plaintiffs assert a claim for common-law fraud but fall far short of meeting the heightened Rule 9(b) standard for establishing such a claim." *Id*. at 1. The heightened particularity standard also applies to the predicate acts of mail and wire fraud as related to Plaintiffs' RICO claims. Moreover, the letter indicated that all of the causes of actions, other than the one relating to the federal RICO statute, are state law claims. Plaintiffs invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the RICO statute. However, Defendants noted that the RICO claims are insufficient due to the lack of interstate or foreign commerce. Therefore, the Complaint should also be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). In an abundance of caution, we respectfully request that the motion to dismiss be amended to be one pursuant to Rules 9(b), 12(b)(1), and 12(b)(6).

      Defendants also request that the page limit for the memorandum of law in support of the motion be extended from 25 pages, pursuant to Individual Rule 3B, to 50 pages in consideration of the number of claims, the number of Defendants included in the motion, and the different

analysis required for many of the claims. The Complaint lists eight (8) claims against Defendants: (i) common law fraud; (ii) conversion; (iii) breach of contract; (iv) breach of the duty of good faith and fair dealing; (v) RICO violation pursuant to 18 U.S.C. § 1962(c); (vi) RICO violation pursuant to 18 U.S.C. § 1962(d); (vii) enterprise corruption; and (viii) unjust enrichment. Since Plaintiffs allege both fraud and nonfraud-related claims, both Rules 8 and 9(b) must be discussed. Additionally, Plaintiffs' RICO claims rely on four (4) different predicate acts, which require four (4) different elements. Also, Plaintiffs' allegation(s) regarding the breach of contract and breach of implied covenant of good faith and fair dealings facially involve different agreements, requiring separate analysis. Finally, the motion to dismiss is brought on behalf of three (3) Defendants who allegedly played vastly different roles in the underlying fraud and therefore require separate analysis.

Accordingly, Defendants respectfully requests that this Court allows for the motion to dismiss to be pursuant to Rules 9(b), 12(b)(1), and 12(b)(6) and the memorandum of law in support be extended to maximum 50 pages. Alternatively, Defendants request that they be allowed to file separate motions to dismiss and/or memorandum of law in support, each of which would comply with this Court's Individual Rules.

Sincerely,

_____
Yeshaya Gorkin, Esq.
**AINSWORTH GORKIN PLLC**
1188 President St., Suite 203
Brooklyn, NY 11225
T: (212) 813-0217
E: sgorkin@ainsworthgorkin.com
*Attorneys for Defendant Yechiel "Sam" Sprei, Frank Seddio, and Anhui Edgewater St. Realty LLC*

CC: All Counsel of Record via ECF