

# THE LAW OFFICE OF
## AVRAM E. FRISCH LLC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/2026 _____

June 22, 2026

Hon. Nelson S. Román, U.S.D.J.
United States District Court
Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, New York 10601

The Settling Defendants have until on or before July 2, 2026 to reply to Plaintiffs' pre-motion request.
Dated: June 24, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**<u>Via ECF and Facsimile (914) 390-4179</u>**

Re: Sofer et al. v. Sprei et al., Case No. 7:25-cv-07024-NSR — Request for Pre-Motion Conference re Plaintiffs' Anticipated Motion to Enforce Settlement and for Entry of Judgment Against the Settling Defendants

Dear Judge Román:

This firm represents Plaintiffs David Sofer and D&BS Investors Group LLC. Pursuant to Rule 3.A.ii of Your Honor's Individual Practices, Plaintiffs respectfully request a pre-motion conference in connection with an anticipated motion to enforce the parties' settlement agreement and to enter judgment against the Settling Defendants — Anhui Edgewater St. Realty LLC, Frank R. Seddio, Esq., and Yechiel "Sam" Sprei. In the alternative, Plaintiffs respectfully request that the Court grant leave to file the motion without a conference.

This action arises from a scheme to misappropriate a $625,000 real-estate deposit. After the appearing Settling Defendants sought leave to move to dismiss, the parties negotiated a resolution. On May 28, 2026, the parties executed a fully-integrated Settlement Agreement and Mutual Release (the "Agreement"). The Agreement requires the Settling Defendants to pay Plaintiffs $625,000, with an initial payment of $200,000 due within ten days of the effective date and the balance payable in $30,000 monthly installments. The Settling Defendants also delivered an Affidavit of Confession of Judgment executed by Mr. Sprei, to be held in escrow by Plaintiffs' counsel and entered upon an uncured payment default. The affidavit of confession has been delivered to my office.

The Settling Defendants have not paid a single dollar. Plaintiffs furnished the executed Agreement, wire instructions, and a Form W-9, and the Settling Defendants repeatedly represented that payment was forthcoming. Plaintiffs granted several accommodations and a final extension through 5:00 p.m. on Monday, June 22, 2026. That deadline has now passed with no payment. Under the Agreement, an Event of Default has occurred, the entire $625,000 balance is accelerated, and the unpaid balance accrues

**MEMO ENDORSED**

Page **2** of **2**
Hon. Nelson Roman

interest at nine percent (9%) per annum from March 15, 2024. As of June 22, 2026, accrued interest totals $127,756.85 (per diem $154.11), for a total of $752,756.85.

A district court has the power to enforce a settlement agreement entered into by parties in a case pending before it. This action was never dismissed — the Agreement provides that the stipulation of dismissal would be filed only upon receipt of the initial $200,000 payment, which was never made — so the Court retains jurisdiction over the matter. The Agreement expressly authorizes Plaintiffs to seek entry of judgment for the accelerated balance and accrued interest, provides that specific performance is available, and contemplates entry of Mr. Sprei's confession of judgment in this Court upon an uncured default. Plaintiffs will move for entry of judgment against the Settling Defendants, jointly and severally, in the amount of $752,756.85, plus post-judgment interest under 28 U.S.C. § 1961.

Plaintiffs also write to advise the Court of two related steps. First, because the Agreement permits Plaintiffs to seek judgment against the non-settling defendants upon an Event of Default, and because defendant Edward Harold King was served on March 30, 2026 and has never appeared, Plaintiffs intend to request a Clerk's Certificate of Default and to move for a default judgment against Mr. King by Order to Show Cause in accordance with Rule 3.J of Your Honor's Individual Practices and Attachment A thereto. Second, Plaintiffs intend to voluntarily dismiss the remaining, non-appearing defendants (Ideal Paradise LLC, Chun Peter Dong, and the John Doe/ABC Company defendants) pursuant to Fed. R. Civ. P. 41(a)(1).

Plaintiffs are mindful that a motion to dismiss was previously contemplated by the Settling Defendants and that their counsel has since withdrawn. The Agreement supersedes that motion, as the Defendants settled in lieu of the motion to dismiss. Plaintiffs thank the Court for its attention to this matter and are available at the Court's convenience.

Very truly yours,

Avram E. Frisch, Esq.

Cc:     Andrew L. Kincaid, Esq. (settlement counsel)



THE LAW OFFICE OF
AVRAM E. FRISCH LLC