UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID SOFER and D&BS INVESTORS GROUP LLC,

    Plaintiffs,

       -against-               Case No. 7:25-cv-07024-NSR

YECHIEL "SAM" SPREI; EDWARD HAROLD KING;
FRANK R. SEDDIO, ESQ.; ANHUI EDGEWATER ST.
REALTY LLC; IDEAL PARADISE LLC; CHUN PETER
DONG; JOHN DOES 1–10; and ABC COMPANIES 1–10,

    Defendants.

---

### ORDER OF DISMISSAL
### WITHOUT PREJUDICE

WHEREAS, Plaintiffs David Sofer and D&BS Investors Group LLC (collectively, "Plaintiffs")

and Defendants Anhui Edgewater St. Realty LLC, Frank R. Seddio, Esq., and Yechiel "Sam"

Sprei (collectively, the "Settling Defendants") entered into a Settlement Agreement and Mutual

Release resolving the claims asserted in the above-captioned action (the "Action");

WHEREAS, the parties have agreed to reinstate the Settlement Agreement and Mutual Release,

the terms of which are confidential and are therefore not recited herein;

WHEREAS, the Settlement Agreement provides that the Action shall be dismissed without

prejudice, that such dismissal shall not impair Plaintiffs' right to enforce the Settlement

Agreement in the event of a default, and that Plaintiffs shall be entitled to request that the Court

retain jurisdiction to enforce the Settlement Agreement;

WHEREAS, the parties have requested that the Court so order this dismissal and retain

jurisdiction to enforce the Settlement Agreement;

NOW, THEREFORE, upon the letter application of Plaintiffs dated July 28, 2026, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The Action is dismissed in its entirety, without prejudice, as against all Defendants.

2. The Court expressly retains jurisdiction over this Action and over the parties for the purpose of enforcing the terms of the Settlement Agreement and Mutual Release entered into by Plaintiffs and the Settling Defendants.

3. In the event of a default under the Settlement Agreement, any party may apply to this Court, by letter motion or on such other application as the Court may direct, to reopen the Action and/or to enforce the terms of the Settlement Agreement, including entry of judgment as provided therein.

4. Nothing herein shall impair, limit, or waive any right or remedy of any party under the Settlement Agreement, including Plaintiffs' rights upon an Event of Default.

5. Each party shall bear its own attorneys' fees, costs, and expenses incurred in connection with the Action, except as otherwise provided in the Settlement Agreement.

6. The Clerk of Court is respectfully directed to close this case.

Dated: July 28 , 2026
White Plains, New York

The Clerk of Court is directed to terminate the motion at ECF No. 37.

SO ORDERED:

_____

NELSON S. ROMÁN
United States District Judge